cc: amended remand order, amended remand letter
and docket sheet to San Bernardino County
Superior Court, Rancho Cucamonga, No. CIV RS 1208818

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IJEOMA INYANG,<br><br>    Plaintiff,<br> v.<br>RESMAE MORTGAGE CORP. et al.<br><br>    Defendants. | Case No. 5:12-cv-2225-ODW(DTBx)<br><br>**AMENDED ORDER RE REMAND** |

   After considering the Complaint and Defendant Wells Fargo Bank, N.A.'s Notice of Removal, the Court concludes that it lacks subject matter jurisdiction over several claims in this case. Accordingly, those claims are hereby **SEVERED** and **DISMISSED**. The Court's Remand Order is hereby **VACATED**. (ECF No. 6.)

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

   The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Here, Wells

Fargo claims that this Court has subject matter jurisdiction over this case because of federal question and diversity of citizenship.

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A case may not be removed to federal court on the basis of a federal defense. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

Plaintiff brings two federal causes of action under the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA"). 15 U.S.C. §§ 1601 et seq.; 12 U.S.C. §§ 2601 et seq. These two federal causes of action were property removed.

As for diversity jurisdiction, it exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a). In this case, Wells Fargo admits that Plaintiff is a California citizen. (Notice of Removal 4.) But Wells Fargo itself is a citizen of California—Wells Fargo's principal place of business is San Francisco, California.

Wells Fargo contends its citizenship is limited to South Dakota. (Notice of Removal 3–4.) The Court finds that *Schmidt* does not preclude federal courts from considering a national banking association to be a citizen of both the state in which it has designated its main office and the state where it has its principal place of business. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006). Further, Ninth Circuit precedent dictates that national banks are citizens of the "states in which their principal places of business are maintained." *Am. Sur. Co. V. Bank of California*, 133 F.2d 160, 162 (9th Cir. 1943); *Uriarte v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 127497 (S.D. Cal. 2011). The Fifth and Seventh Circuits take the same

approach. *Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004); *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001).

The Court acknowledges, but finds unpersuasive, other courts' interpretation of *Schmidt* to mean that a national banking association is a citizen *only* of the state of its main office. *See*, *e.g.*, *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir. 2011). The doubt raised here regarding Wells Fargo's citizenship suggests that diversity jurisdiction should be rejected. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

And though the TILA and RESPA causes of action are proper before this Court, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining state claims. TILA and RESPA address wrongful conduct concerning the origination and servicing of the mortgage. Plaintiff's remaining state claims allege wrongs in other areas: foreclosure; emotional distress; title; and securitization. The Court finds an inadequate nexus between these state claims and the two federal claims; and dismissal of these other claims is proper.

Accordingly, Plaintiff's first through seventh, and tenth causes of action are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

December 26, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**